UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     PAMMALLA SHANNON | ) | Case No. 09-13129-BFK |
|     UPLINGER | ) | Chapter 13 |
| | ) | |
|     Debtor | ) | |
| | ) | |
| PAMMALLA SHANNON UPLINGER | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 11-01341 |
| | ) | |
| U.S. INVESTIGATION SERVICES, | ) | |
| PROFESSIONAL SERVICES | ) | |
| CORPORATION, INC., *et al.* | ) | |
| | ) | |
|     Defendants | ) | |

**REPORT AND RECOMMENDATION**

      This matter comes before the Court on the Motion of the United States on behalf of its agency, the U.S. Immigration and Customs Enforcement, Federal Protective Service ("ICE/FPS"), to dismiss the Amended Complaint (Docket No. 9), pursuant to Bankruptcy Rule 7012 (incorporating Fed.R.Civ.P. 12(b)(6)) (Docket No. 42). Count I is the only Count of the Amended Complaint directed to ICE/FPS as a Defendant. Count I alleges discrimination against the Debtor in the denial of employment, pursuant to 11 U.S.C. § 525(a). The issue presented is a novel one – whether Section 525(a) protects a debtor from discriminatory treatment in employment where the debtor sought employment from a government contractor. The Court finds that Section 525(a) does not apply here. The Court recommends, therefore, that Count I, be dismissed.

The matter is also before the Court on the Plaintiff's Motion to Amend Count I of her Complaint. Docket Nos. 46 and 44 (Exhibit A). For the reasons stated below, the Court finds that the proposed amendment would be futile, and recommends that the Motion to Amend be denied.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984. This is a non-core proceeding. Accordingly, the Court will enter a Report and Recommendation, and not a final order, pursuant to the District Court's opinion in *McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011).

## The Twombly and Iqbal Standard

The matter is governed by the now familiar standard of the twin cases of *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, to survive a motion to dismiss, the complaint must state a claim that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

In *Iqbal*, the Court expounded on this principle by noting "two working principles" underlying the decision in *Twombly*. First, and most important for the disposition of this Motion, the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 662. Second, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id*. "[W]hether a complaint

states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[1]

1. *The Government as "De Facto" Employer.*

To be fair, the Plaintiff's Amended Complaint is not short on facts, and does not contain the "threadbare recitals" eschewed in *Twombly* and *Iqbal*. The Plaintiff had the opportunity to subpoena records and e-mails from ICE/FPS and its co-defendant, USIS Professional Services Corporation ("USIS"), in previous litigation against non-related parties. The Amended Complaint alleges dates and times of her interviews with both ICE/FPS and USIS personnel, and plainly alleges that the Plaintiff was discriminated against (not hired) because of her status as a debtor in bankruptcy. Amended Complaint, ¶ 58. However, the crux of the matter is whether the Plaintiff applied for a position with ICE/FPS, or for a position with a private employer, USIS.

The Amended Complaint alleges the latter. Specifically, paragraph 55 of the Amended Complaint alleges:

> Insofar as ICE FPS employee Michele Bryan conducted Uplinger's interview, insofar as Uplinger's work in the position was to be performed on site at headquarters of ICE FPS using tools and equipment furnished by ICE FPS, insofar as the inherent nature of the work reasonably would have required ICE FPS direction of Uplinger in order to adequately protect the ICE FPS' interest and retain ICE FPS full responsibility for representations made in her work product that were intended for distribution to other governmental units, and insofar as the term of the employment was not specified as lasting less than one year, Uplinger's employment in the position for which she was being considered *would have established a de facto employer-employee relationship between ICE FPS and Uplinger under the ICE BPA [Basic Purchase Agreement] with USIS.*

(Emphasis added).

---

[1] At the same time, it must be remembered that Bankruptcy Rule 7008 (incorporating Fed.R.Civ.P. 8(a)(2)) still only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal* and *Twombly* together do not constitute an invitation to resolve factual disputes on a motion to dismiss.

3

Further, Exhibit A to the Amended Complaint, Ms. Uplinger's Employment Application, makes clear that she was applying for employment with USIS. The Employment Application and attachments reference the employment policies (motor vehicle use, drug testing and the like) of USIS, not those of ICE/FPS. Ms. Uplinger conceded at oral argument that her pay checks would have come from USIS, not from ICE/FPS. The allegations of the Amended Complaint make it clear that Ms. Uplinger was applying for a position with USIS, not with ICE/FPS.

Section 525(a) of the Bankruptcy Code provides that:

> a governmental unit may not . . . deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title [Title 11] or a bankrupt or a debtor under the Bankruptcy Act or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

The term "governmental unit" is defined in Section 101(27) of the Code. There is no dispute that ICE/FPS is a governmental unit.

Section 525(b), by its terms, applies to "private employers." 11 U.S.C. § 525(b). Although Section 525(b) includes the language "discriminate with respect to employment," it does not include the language that is relevant here from Section 525(a), that of "deny employment to [the debtor]." 11 U.S.C. § 525(a)-(b). The great majority of cases have held that private employers are not subject to liability under Section 525(b) for a denial of employment. *See Rea v. Federated Investors,* 627 F.3d 937 (3d Cir. 2010) (collecting authorities); *Fiorani v. CACI,* 192 B.R. 401 (E.D. Va. 1996). USIS, therefore, cannot be held liable under Section 525(b) for the denial of the Plaintiff's employment, and indeed, the Plaintiff has limited her

claims against USIS to claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681b (Counts II and III), at least before her latest attempt to amend Count I, discussed below.

A number of cases have held that certain privately held entities, notably publicly funded housing authorities, may be considered to be governmental units under Section 525(a). *See Stolz v. Brattleboro Hous. Auth.*, 315 F.3d 80 (2d Cir. 2002); *In re Oksentowicz*, 314 B.R. 638 (Bankr. E.D. Mich. 2004); *In re Marcano,* 288 B.R. 324 (Bankr. S.D.N.Y. 2003). However, an entity is not a "governmental unit" under Section 101(27) merely because it receives government funding. *In re Liggins*, 145 B.R. 227, 232 (Bankr. E.D. Va. 1992). The Court need not decide which of these authorities are more applicable here. In this case, ICE/FPS unquestionably is a governmental unit. The Plaintiff is alleging that she sought "*de facto* employment" with ICE/FPS, notwithstanding the fact that she applied for a job with USIS.

The Court can find no support for the application of Section 525(a) to a governmental unit where the applicant applied for a job with a government contractor. In other, analogous contexts, federal courts have held that private, government contract employees are not entitled to the employment benefits enjoyed by Civil Service employees. *See Thompson v. Merit Systems Protection Board,* 421 F.3d 1336 (Fed. Cir. 2005) (government contract employee not an "applicant for employment" within the meaning of 5 U.S.C. § 7701); *Dangfeng Shen Ho v. United States*, 49 Fed. Cl. 96 (Fed. Cl. 2001) (contractor not entitled to the protections of the Whistleblower Protection Act , 5 U.S.C. § 1221(a)); *Quarles v. Colorado Sec. Agency, Inc.,* 843 F.2d 557 (D.C. Cir. 1988) (rejecting claim that private contractor employee was "essentially" a civil service employee for purposes of Civil Service Reform Act protections, 5 U.S.C. §

5

2302(b)(8)(A)(i)).[2] In short, there appears to be no support in case law for the Plaintiff's "*de facto* employer" theory under Section 525(a).

Further, the Court rejects the Plaintiff's attempts to re-characterize the employment relationship here. At argument, the Plaintiff suggested that USIS was acting as a "recruiter" for what would have been a government position with ICE/FPS. However, the Plaintiff's legal characterization of the employment relationship is belied by the Employment Application (Amended Complaint, Exh. A), and the fact that the Plaintiff conceded that she would be paid by USIS. These facts together compel the conclusion that she was applying for a job with USIS, not with ICE/FPS. As well, the Plaintiff's own allegations, specifically the "*de facto* employer" allegations of Paragraph 55, above, indicate that she was applying for a job with USIS. There would no reason to allege a *de facto* employment relationship at all, if the Plaintiff understood herself to have been applying directly to ICE/FPS for a position. The suggestion that USIS was acting as a recruiter for an ICE/FPS position is a legal conclusion that is unsupported by the facts, and crosses the line into implausibility, under *Twombly* and *Iqbal*.

For these reasons, the Court rejects the Plaintiff's "*de facto* employer" theory, and recommends that the Motion to Dismiss be granted.

   *2. The Factual Allegations Against ICE/FPS.*

ICE/FPS argues in the alternative that, assuming that the Court accepts the "*de facto* employer" theory, the Plaintiff has not alleged that the ICE/FPS employees have committed any

---

[2]   In order to be considered a federal Civil Service employee, one must: (a) be appointed by, among others, one who is an employee; (b) engage in the performance of a federal function under authority of law or an Executive act; *and* (c) be subject to the supervision of federal employees. 5 U.S.C. § 2105(a)(1) – (3). In this case, the Amended Complaint fails to allege that the Plaintiff would be appointed by one authorized to do so under subsection Section 2105(a)(1) – i.e., a federal employee of ICE/FPS, as opposed to USIS.

specific act that violates Section 525(a). The Court agrees. The Plaintiff's allegations center on the actions of Mr. Jones, a USIS Senior Recruiting Specialist (Amended Complaint, ¶ 11), and Mr. Bowman, a USIS Program Manager (Amended Complaint ¶ 37). The sole act of the one ICE/FPS employee involved, Ms. Bryan, is that she is alleged to have conducted the interview with the Plaintiff on June 30, 2009. *Id.* at ¶ 33-34. Ms. Bryan is not alleged to have downloaded the Plaintiff's credit report, nor to have acted on the credit information. The remaining allegations have to do with Mr. Jones and Mr. Bowman, not Ms. Bryan. Even assuming that the Plaintiff was applying for employment with ICE/FPS (which the Court does not), there are no factual allegations in the Amended Complaint of conduct by any ICE/FPS employees that would support a claim under Section 525(a). For this reason, Count I of the Amended Complaint should be dismissed.

### The Plaintiff's Motion to Amend

The Plaintiff, in response to the government's Motion, seeks to amend Count I of the Complaint. A proposed amended Count I was attached as Exhibit A to her Opposition to the Motion. Amendments to pleadings are to be liberally granted. Bankruptcy Rule 7015 (incorporating Fed.R.Civ.P. 15) ("The Court should freely give leave when justice so requires."). However, a motion to amend should be denied where the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178 (1962); *Simmons v. United Mortg. & Loan Inv., LLC,* 634 F.3d 754, 769 (4th Cir. 2011). Here, the proposed amendment would be futile. There is simply no way that the Plaintiff can allege in good faith that she applied for a position with ICE/FPS, as opposed to USIS. Her proposed amended Count I does not solve the problem. As noted above, Exhibit A to the Amended Complaint plainly shows that the Plaintiff was applying for a job with USIS. The Plaintiff conceded at oral argument that her paychecks would have come from USIS.

The proposed amended Count I cannot, and does not, cure the fundamental problem of the Plaintiff having applied for employment with a private contractor, for purposes of stating a claim under 11 U.S.C. § 525(a).

As an alternative ground, the Court will deny leave to amend because the proposed Count I still does not state any specific, improper conduct by the government's agents. *See* Proposed Amended Count I, ¶ 52 ("When *USIS*… denied her employment…") (emphasis added). Further, Ms. Uplinger candidly admitted at oral argument that she did not know which entity was responsible for the denial of her employment, USIS or ICE/FPS. Her proposed Amended Count I confirms this. *See* Proposed Amended Count I, ¶ 56 ("USIS and ICE/FPS' act of denying employment…"). Absent any specific factual allegations against ICE/FPS, leave to amend is futile, and should be denied.

Finally, the Plaintiff seeks to add USIS as a party to her proposed amended Count I – the 525(a) Count – on the ground that the business affairs of USIS are so "intertwined" with those of ICE/FPS that USIS should be considered to be a governmental entity under Section 525(a). While not rejecting the "intertwinement" cases discussed in the publicly funded housing authority cases discussed above altogether, they appear to be limited to public housing cases. Fundamentally, the Plaintiff cannot state a claim against the government under Section 525(a) because the government was not her prospective employer; and she cannot state a claim against USIS under the same Code section because it is not a governmental entity.

For the foregoing reasons, this Court recommends that the Plaintiff's Motion to Amend be denied.

## Conclusion

For the reasons stated above, the Court recommends that the Motion to Dismiss Count I be GRANTED, and the Motion to Amend be DENIED. The Court will issue an Order making the foregoing recommendations to the District Court.

Date: _____

Brian F. Kenney
United States Bankruptcy Judge

Copies to:

Pammalla Shannon Uplinger
5111 Maris Avenue
Apt 400
Alexandria, VA 22304
Plaintiff

Robert K. Coulter, Esquire
Office of the US Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Counsel for U.S. Immigration and Customs Enforcement, Federal Protective Service

Tara L. Elgie, Esquire
Hunton & Williams, LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Counsel for U.S. Investigation Services, Professional Services Corporation, Inc.